DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| JOHNNY MARTINEZ, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 2013-0102 |
| KEITH FRANCOIS, Warden of the Golden Grove Correctional Facility; JULIUS WILSON, Director of the Virgin Islands Bureau of Corrections; TERRITORY OF THE VIRGIN ISLANDS; and RANDALL MATHENA, Warden of the Red Onion State Prison, | ) |
| Respondents. | ) |

**Attorneys:**
**Joseph A. DiRuzzo, III, Esq.,**
Miami, FL
    *For Petitioner*

**Tiffany V. Monrose, Esq.,**
**Kimberly L. Salisbury, Esq.,**
St. Thomas, U.S.V.I.
    *For Respondents*

## MEMORANDUM OPINION & ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the Motion to Reconsider filed by Petitioner, Johnny Martinez ("Martinez"). (Dkt. No. 47). In his Motion, Martinez argues that the Court erred in its Memorandum Opinion and Order, issued on March 17, 2015 (Dkt. Nos. 45, 46), when it denied his Motion for Leave to Amend his First Amended Petition & Complaint (Dkt. No. 35) as futile. For the reasons that follow, the Court will deny Martinez's Motion to Reconsider.

    **I.**    **BACKGROUND FACTS & PROCEDURAL HISTORY**

The Court will provide a brief procedural history of this case in order to place the current

Motion to Reconsider in context.

Petitioner Johnny Martinez is a state prisoner serving a thirty-five year sentence for second degree murder in violation of 14 V.I.C. § 923(b). (Dkt. No. 25 at ¶¶ 15-16). From the late 1990s to March 2013, Martinez was incarcerated at Golden Grove Correctional Facility ("Golden Grove") on St. Croix, U.S. Virgin Islands. *Id.,* ¶ 17. In March 2013, Martinez was transferred to Red Onion State Prison ("Red Onion"), a super-maximum security ("supermax") facility located in Virginia. *Id.,* ¶¶ 17, 29. Martinez claims that he was transferred without a hearing to contest his relocation or notice of any classification change warranting the transfer. *Id.,* ¶¶ 29-30, 33-34. He asserts that his relocation to Red Onion violated his due process rights guaranteed by the United States Constitution. *Id.,* ¶ 31.

Martinez initiated this matter on November 1, 2013, with a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" against Keith Francois, then Warden of Golden Grove; Julius Wilson, then Director of the Virgin Islands Bureau of Corrections ("BOC"); the Territory of the Virgin Islands; and Randall Mathena, Warden of Red Onion. (Dkt. No. 1). Martinez subsequently filed a First Amended Petition & Complaint seeking (1) a writ of habeas corpus under § 2241 and (2) monetary and injunctive relief for alleged civil rights violations pursuant to 42 U.S.C. § 1983 and under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Dkt. No. 25).

The Court referred Martinez's pleading and related motions to Magistrate Judge Ruth Miller for a Report and Recommendation ("Report"). (Dkt. No. 24). On July 3, 2014, Magistrate Judge Miller issued a Report recommending, *inter alia*, that Martinez's First Amended Petition & Complaint (Dkt. No. 25) be dismissed. (Dkt. No. 28 at 19-20). In response to the Report, Martinez filed objections (Dkt. No. 33) and a "Motion for Leave to Amend" his First Amended Petition & Complaint, along with a proposed "Second Amended Petition & Complaint." (Dkt. No. 35; Ex. 2).

2

In a Memorandum Opinion (Dkt. No. 46) and Order (Dkt. No. 45), issued on March 17, 2015, the Court dismissed Martinez's First Amended Petition & Complaint. The Court also denied Martinez's Motion for Leave to Amend as futile, finding that the causes of action set forth in his proposed Second Amended Complaint were not viable as a matter of law. In particular, the Court found that Martinez failed to establish a Fourteenth Amendment liberty interest in his place of incarceration, pointing out, *inter alia*, that the Third Circuit has consistently held that conditions of confinement had to present the type of atypical, extreme deprivations as found in *Wilkinson v. Austin*, 545 U.S. 209 (2005) in order to state a claim. The Court concluded that Martinez offered no facts from which the Court could infer that he was faced with such a deprivation. (Dkt. No. 46 at 20-25).

The Court also considered a *Washington Post* article that Martinez had attached to his proposed Second Amended Petition & Complaint. The Memorandum Opinion observed that "[w]hile the article discusses the tight security at Red Onion, it also describes Red Onion's yard, where prisoners . . . can exercise and chat with other inmates." *Id.* at 22-23 (internal quotation marks omitted). The Court stated that this fact "further supports a finding that the conditions at Red Onion do not rise to the level in *Wilkinson*, where inmates were 'deprived of almost any environmental or sensory stimuli and of almost all human contact.'" *Id.* at 23 (quoting *Wilkinson*, 545 U.S. at 214).

On March 31, 2015, Martinez filed the instant Motion to Reconsider. (Dkt. No. 47). He claims that the Court committed "a clear error of law or fact" and that reconsideration is needed to prevent "manifest injustice." *Id.*

## II. DISCUSSION

### A. Standard of Review

"In order to prevail on a motion for reconsideration, a [party] must show '(1) an intervening

3

change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct clear error of law or fact or to prevent manifest injustice.'" *Butler v. Pa. Bd. of Probation & Parole*, 613 F. App'x 119, 125 (3d Cir. 2015) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also* LRCi 7.3. Reconsideration "is an extraordinary remedy and should be granted sparingly." *Boldrini v. Wilson*, 2013 WL 619774, at *1 (M.D. Pa. Feb. 19, 2013) (citing *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999)). Motions for reconsideration "are not substitutes for appeals and are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Greene v. V.I. Water & Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)).

Martinez asserts that his Motion for Reconsideration is made to "correct clear legal error and/or to prevent manifest injustice." (Dkt. No. 47 at 2). The Third Circuit states that "clear error exists if, '"after reviewing the evidence," [the reviewing court is] 'left with a definite and firm conviction that a mistake has been committed.'" *Norristown Area Sch. Dist. v. F.C.,* __ F. App'x __, 2016 WL 98571, at *3 n.8 (3d Cir. Jan. 8, 2016) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)). "In "the context of a motion to reconsider, manifest injustice '[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it.'" *Greene,* 2012 WL 4755061, at *2 (quoting *In re Rose,* 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). "Manifest injustice has also been defined as 'an error in the trial court that is direct, obvious, and observable.'" *Id.* (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)).

4

**B. Analysis**

Martinez argues that the Court's assessment of certain facts contained in the proposed Second Amended Petition & Complaint "in and of themselves are enough to support Petitioner's allegations" and therefore his Motion for Leave to Amend was not futile. (Dkt. No. 47 at 4). He takes issue with the manner the Court "improperly highlighted" aspects of the *Washington Post* article in a way that did not support his claim and ignored statements that did support his claim. Martinez also contends that the Court "erroneously relied upon markedly different cases" in analyzing his due process claim. *Id.* He asserts that the facts in the cases relied upon by the Court are distinguishable from his circumstances, and argues that he had in fact stated a claim that would survive a motion to dismiss. *Id.* at 5-7.

These arguments do not provide a ground for the Court to grant Martinez's Motion to Reconsider. Although invoking clear error and manifest injustice, Martinez does not identify any dispositive factual or legal matter presented to the Court that was overlooked. Rather he simply claims that the Court viewed the facts and law differently from him, and then attempts to reargue the facts and the law as he sees them.[1] Such arguments are unavailing, however, because a motion for reconsideration is "not to be used as 'a vehicle for registering disagreement with the court's initial decision [or] for rearguing matters already addressed by the court." *Greene*, 2012 WL

---

[1] Martinez mentions in passing that because he is "indefinitely confined to an 80-square-foot cell for twenty-three hours a day," the Court "must conclude that pursuant to *Wilkinson* that Petitioner has stated a claim that would survive a motion to dismiss." (Dkt. No. 47 at 7). However, he acknowledges that his "Second Amended Petition & Complaint did not make clear that Petitioner is being held in solitary confinement at Red Onion." *Id.* at 4. Thus, if Martinez was "indefinitely confined," that is not "newly-discovered evidence" and he could have pleaded that fact in his Second Amended Petition & Complaint. A Motion for Reconsideration "may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'" *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)). Accordingly, this argument does not present grounds for the Court to grant Martinez's Motion to Reconsider.

4755061, at *2; *Haymond v. Lundy*, 205 F. Supp. 2d 390, 395 (E.D. Pa. 2002) ("Motions for reconsideration are not to be used to reargue or relitigate matters already decided[.]"); *see also In re Wayne Pettaway*, 457 F. App'x 96, 98 (3d Cir. 2012) ("If [petitioner] disagrees with the Magistrate Judge's resolution of his motion, he may raise it on appeal . . . after a final order is issued.").

Martinez also argues that the fact that he has filed a Motion for Leave to Amend and a Third Amended Petition & Complaint—which purportedly cures the pleading deficiencies in the proposed Second Amended Petition & Complaint—undercuts the Court's conclusion in its March 17, 2015 Memorandum Opinion that amendment is futile. (Dkt. No. 47 at 7). This contention is without merit. The fact that Martinez filed a Motion for Leave to Amend and a Third Amended Petition & Complaint two weeks after the Court issued its Memorandum Opinion—with allegations that "'inexcusably were not presented to the Court in the matter previously decided'"— is not a basis for reconsideration of the Court's earlier opinion. *See Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)).

In sum, Martinez has offered no legitimate grounds for this Court to reconsider its March 17, 2015 Memorandum Opinion and Order. Thus, the Motion to Reconsider will be denied.

## ORDER

Based on the foregoing, it is hereby

**ORDERED** that Martinez's Motion to Reconsider (Dkt. No. 47) is **DENIED**.

**SO ORDERED**.

Date: March 31, 2016 _____/s/_____
WILMA A. LEWIS
Chief Judge