# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| JOHNNY MARTINEZ, )<br>)<br>    Petitioner, )<br>     v. )<br>)<br>KEITH FRANCOIS, Warden of the Golden )<br>Grove Correctional Facility; JULIUS WILSON, )<br>Director of the Virgin Islands Bureau of )<br>Corrections; TERRITORY OF THE VIRGIN )<br>ISLANDS; and RANDALL MATHENA, )<br>Warden of the Red Onion State Prison, )<br>)<br>    Respondents. )<br>_____ ) | Civil Action No. 2013-0102 |

**Attorneys:**
**Joseph A. DiRuzzo, III, Esq.,**
Ft. Lauderdale, FL
    *For Petitioner*

**Tiffany V. Monrose, Esq.,**
**Kimberly L. Salisbury, Esq.,**
St. Thomas, U.S.V.I.
    *For Respondents*

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Petitioner Johnny Martinez's ("Petitioner" or "Martinez") "Motion to Reopen Case" (Dkt. No. 49) and "Third Motion for Leave to Amend Complaint" ("Third Motion for Leave to Amend") (Dkt. No. 48). For the reasons that follow, the Court will deny Martinez's Motions.[1]

---

[1] Also pending before the Court is a Motion to Dismiss filed by Respondents titled "Appellees' Motion to Dismiss as Moot" that is erroneously captioned as a filing in the United States Court of Appeals for the Third Circuit. (Dkt. No. 57). In their Motion to Dismiss, Respondents contend that this action should be dismissed as moot because Martinez was released from custody on July 28, 2017. *Id.* at 2. Because this case was previously dismissed by the Court's March 17, 2015 Order—and because the Court will deny Martinez's instant Motions—the Court will deny Respondents' Motion to Dismiss as moot.

## I. BACKGROUND[2]

Martinez—a state prisoner sentenced to a 35-year term of imprisonment for second degree murder—initiated this action on November 1, 2013 by filing a Petition for Writ of Habeas Corpus ("Petition"). (Dkt. No. 1). In his Petition and subsequently-filed First Amended Petition and Complaint (Dkt. No. 25), Martinez challenged his transfer from the Golden Grove Correctional Facility ("Golden Grove") on St. Croix, U.S. Virgin Islands, to Red Onion State Prison ("Red Onion") in Virginia, seeking a writ of habeas corpus and monetary and injunctive relief. By Order and accompanying Memorandum Opinion filed on March 17, 2015 (Dkt. Nos. 45, 46), the Court denied Martinez's First Amended Petition and Complaint and the motions associated with that pleading. The Court also denied Martinez's Second Motion for Leave to Amend and the motions associated with his proposed Second Amended Petition and Complaint, and directed the Clerk of Court to mark the case closed.[3] In denying Martinez's Second Motion for Leave to Amend, the Court concluded, *inter alia*, that Martinez's proposed amendment was futile because—when construing Martinez's Second Amended Petition and Complaint as an action for damages under 42 U.S.C. § 1983 and considering the newly-alleged facts contained therein—Martinez's Second Amended Petition and Complaint failed to "show[] the requisite restrictions and deprivations at Red Onion" to state a claim that his protected liberty interests under the Fourteenth Amendment had been violated. (Dkt. No. 45 at 24-25).

---

[2] The Court provided a detailed factual background of this case in its March 17, 2015 Memorandum Opinion. (Dkt. No. 46). The Court will not repeat that background information in full here, but will instead provide only that information pertinent to the issues currently before the Court.

[3] The case was not formally closed on the Court's docket following the entry of this Order, apparently as a result of oversight or clerical error.

On March 31, 2015, Martinez timely filed a Motion for Reconsideration of the Court's March 17, 2015 Order (Dkt. No. 47), which was subsequently denied by the Court (Dkt. No. 50). Martinez also filed a Third Motion for Leave to Amend on the same day that he filed his Motion for Reconsideration. (Dkt. No. 48). Approximately one year later—on March 24, 2016—Martinez filed a Motion to Reopen Case. (Dkt. No. 49). Following the Court's denial of his Motion for Reconsideration, but before the Court had ruled on his Third Motion for Leave to Amend or his Motion to Reopen Case, Martinez appealed the Court's March 17, 2015 Order and its denial of his Motion for Reconsideration. (Dkt. Nos. 51, 53). Upon receipt of Martinez's notice of appeal, the Court entered an Order noting that Martinez's appeal had divested the Court of jurisdiction over the case and that the Court could take no action on Martinez's Third Motion for Leave to Amend and Motion to Reopen Case pending resolution of his appeal by the Third Circuit. (Dkt. No. 52).

On December 11, 2018, a Third Circuit panel filed a Judgment and Opinion affirming the Court's March 17, 2015 Order and its denial of Martinez's Motion for Reconsideration. *Martinez v. Warden Golden Grove Corr. Facility*, 2018 WL 6505917 (3d Cir. Dec. 11, 2018).[4] In its Opinion, the Third Circuit panel noted that Martinez had filed a Third Amended Complaint and corresponding Motion for Leave to Amend on March 31, 2015—the same date on which he filed his Motion for Reconsideration of the Court's March 17, 2015 Order. *Id.* at *2. Although Martinez's Third Amended Complaint "alleged—for the first time—details about Martinez's conditions of confinement[,]" the Third Circuit panel refused to consider those facts on appeal because: (1) Martinez had not alleged the facts in his First Amended Petition and Complaint or

---

[4] In affirming the Court's denial of Martinez's Motion for Reconsideration, the Third Circuit panel concluded that although Martinez filed a notice of appeal of the Court's ruling on his Motion for Reconsideration, he forfeited any argument related to that ruling by failing to raise the issue in his opening brief. *Martinez*, 2018 WL 6506917 at *2 n.3.

proposed Second Amended Petition and Complaint despite the fact that they were "known or capable of being known" at the time the previous petitions were filed; and (2) the proposed Third Amended Complaint was not properly before the Third Circuit panel on appeal. *Id.* With respect to the latter issue, the Third Circuit panel noted that because Martinez had appealed the denial of his Motion for Reconsideration before this Court had acted on his Third Motion for Leave to Amend, the Court "was divested of jurisdiction before it could rule on the motion for leave to file a Third Amended Complaint." *Id.* The Third Circuit panel then considered the Court's "disposition on the merits of th[e] case," and affirmed the Court's rulings and its "dismiss[al] of the case with prejudice." *Id.* at *2, *3.

## II. DISCUSSION

In light of the Third Circuit's decision on Martinez's appeal, the Court may now rule on Martinez's pending motions.

Turning first to Martinez's Third Motion for Leave to Amend, the Court finds that this Motion is not properly before the Court in light of the procedural history of this case. As noted above, Martinez filed his Third Motion for Leave to Amend on March 31, 2015—after the Court filed its March 17, 2015 Order dismissing the case. In other words, this action had already been dismissed at the time Martinez filed his Third Motion for Leave to Amend. Accordingly, the Third Motion for Leave to Amend is properly before the Court only if Martinez is able to establish his entitlement to relief from the Court's March 17, 2015 Order dismissing this case through: (1) a motion for reconsideration pursuant to Local Rule of Civil Procedure 7.3; or (2) a motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)").[5]

---

[5] Because it "purport[ed] to end litigation on the merits" of this action, the Court's March 17, 2015 Order constituted a final order for purposes of Rule 60(b), which sets forth grounds for relief from a final judgment, order, or proceeding. *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470,

4

As previously noted, Martinez timely filed a Motion for Reconsideration of the Court's March 17, 2015 Order on March 31, 2015. The Court subsequently denied Martinez's Motion to Reconsider, concluding that Martinez had failed to "identify any dispositive factual or legal matter presented to the Court that was overlooked." (Dkt. No. 50 at 5). The Court also noted that Martinez's "mention[] in passing" that he was "indefinitely confined to an 80-square-foot-cell for twenty-three hours a day" was not "newly-discovered evidence;" that Martinez could have pleaded that fact in his Second Amended Petition and Complaint; and that a motion for reconsideration is not a vehicle for a party to "argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Id.* (quoting *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002)). The Court further noted that Martinez's decision to file a Third Motion for Leave to Amend and Third Amended Petition and Complaint—two weeks *after* the Court's March 17, 2015 Order was entered—which contained allegations that inexcusably were not presented in his Second Amended Petition and Complaint did not provide a basis for the Court's reconsideration of its Order dismissing the case. *Id.* at 6.

Because the Court denied Martinez's Motion to Reconsider its March 17, 2015 Order—a challenge which the Third Circuit panel found that Martinez had forfeited on appeal—the Motion to Reconsider does not serve to bring Martinez's Third Motion for Leave to File properly before the Court. Accordingly, the Third Motion for Leave to Amend is properly before the Court only if Martinez can demonstrate that he is entitled to relief from the Court's March 17, 2015 Order under Rule 60(b).

---

481 (3d Cir. 2006); *Martinez*, 2018 WL 6505917 at *2 (observing that the Court's March 17, 2015 Order "dismissed the case with prejudice").

Martinez makes no reference to Rule 60(b) in his Motion to Reopen Case. However, even if the Court were to liberally construe the Motion to Reopen Case as a Rule 60(b) motion, nothing in the Motion demonstrates Martinez's entitlement to relief from the Court's March 17, 2015 Order under the rule. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Martinez's Motion to Reopen Case states in cursory fashion that Martinez "moves the Court to reopen the instant case" and to treat his Third Amended Petition and Complaint as "the operative pleading" to allow the case "to proceed in the normal course[.]" (Dkt. No. 49 at 1-2). This perfunctory request by Martinez is wholly inadequate to establish his entitlement to relief from the Court's March 17, 2015 Order under Rule 60(b)—particularly where the Court previously concluded in the context of denying Martinez's Motion to Reconsider that the allegations in Martinez's Third Amended Petition and Complaint regarding his conditions of confinement at Red Onion do not constitute newly-discovered evidence, and that Martinez inexcusable failed to present those allegations in his Second Amended Petition and Complaint. Accordingly, the Court will deny Martinez's Motion to Reopen Case because it fails to establish his entitlement to relief from the Court's March 17, 2015 Order dismissing the case. Because Martinez has failed to

establish his entitlement to relief from the Court's March 17, 2015 Order, Martinez's Third Motion for Leave to Amend is not properly before the Court and will be denied.

### III. CONCLUSION

For the reasons discussed above, the Court will deny Martinez's Motion to Reopen Case and Third Motion for Leave to Amend. An appropriate Order accompanies this Memorandum Opinion.

Date:   March 22, 2019                    _____/s/_____
                                          WILMA A. LEWIS
                                          Chief Judge